## Case No. 10,955.

PENNSYLVANIA SALT MANUF'G CO. v. MYERS.

[1 Wkly. Notes Cas. 377.]

Circuit Court, E. D. Pennsylvania. April 10, 1875.

PRACTICE—ANOTHER SUIT PENDING.

Successive bills for continuing infringement of patent. Interlocutory injunction granted, notwithstanding pendency of another suit in Wis-

consin between same parties upon the same right.

This was a motion for preliminary injunction upon bill filed by complainants, praying an injunction and account for infringement of their letters patent Nos. 2,570 and 2,571 (reissue), alleged to have been committed in the Eastern district of Wisconsin. The defendant pleaded the pendency of a similar suit in said district of Wisconsin, commenced August 18, 1874, between the same parties, for the same infringement, and yet undetermined. Amendment of bill, alleging acts of infringement since the filing of the Wisconsin bill.

Mr. Harding, for complainants, cited Wheeler v. McCormick [Case No. 17,498].

W. J. Budd and F. C. Brewster, for defendants.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

THE COURT (McKENNAN, Circuit Judge). It seems that upon the face of these bills they are not for the same cause of action. The suit in Wisconsin must necessarily be founded upon infringement committed before the date of the filing of the bill there. It could not be for subsequent infringement, from the very nature of things; and although, according to the practice, the defendant might be required to account for profits down to the time of the accounting, that does not affect the foundation of the bill itself. If, then, another bill is subsequently filed in this district, expressly alleging infringement since the commencement of the former suit, it is manifestly the intention of the complainant not to claim in the first bill accountability for profits accruing after the date of its filing, and the causes of action are not identical.

The question of title, which is before the court in Wisconsin, may possibly be decided against the complainants, and in that event, as the infringement here complained of what was committed in that state, the temporary injunction here would be dissolved; but in this district the circumstances are different. The patents in controversy have been the subjects of frequent litigation here, and have been uniformly held good and valid; and, as there is no denial of the infringement alleged to have been committed since the filing of the Wisconsin bill, the established practice requires that, for the purposes of an interlocutory application like the present, questions which may be open there should be here considered as settled.

CADWALADER, District Judge. It is very important that the precise grounds of this decision should be understood by the bar, lest in future cases it should be deemed applicable to questions not like the present. If there was a court of general equitable jurisdiction throughout the United States, the subject would be differently considered. It is to be observed that this is not a suit for the enforcement of an equitable right, but an equitable proceeding in aid of a legal right. There might be successive actions at law for successive infringements, limited in number only by the power of the court to prevent abuse of its process. But courts of equity, in order to avoid successive bills and the multiplication of suits, allow the account to be taken down to the time of the final accounting. By reason, however, of the absence of a court of general equitable jurisdiction throughout the United States, it has been decided, upon practically sufficient grounds, that successive bills in different districts will lie for successive infringements of a patent. Wheeler v. McCormick, ubi supra. We should, in an ordinary case, put the complainant to his election in which district he would proceed to establish preliminarily his right,—not the question of damages,—but his title to relief.

But, under the peculiar views of courts of equity in cases upon patents for inventions, the decision of a bona fide contest, in which the validity of a patent has been sustained, is held to put the complainant so far in possession of his right as to entitle him to a preliminary injunction in subsequent suits upon the same patent. It is under this rule or practice that the court has acted in this case, and, since the reissues of this patent have frequently been adjudged valid by this court, we do not put the complainant to his election as to which suit shall have priority, but, upon the present interlocutory application, protect his rights until a final hearing. Preliminary injunction ordered.

[For other cases involving this patent, see Cases Nos. 10,954, 10,956, 13,942, and 13,968.]